Case 2:07-cv-06969-PSG-PLA   Document 20   Filed 05/01/08   Page 1 of 10   Page ID #:79
Case 2:07-cv-06969-PSG-PLA   Document 19-2   Filed 04/24/2008   Page 1 of 11

APR 2 4 2008

**DAVIS WRIGHT TREMAINE LLP**
865 S. FIGUEROA ST.
SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
TELEPHONE (213) 633-6800
FAX (213) 633-6899

KELLI L. SAGER (State Bar No. 120162)
  kellisager@dwt.com
ANDREW J. THOMAS (State Bar No. 159533)
  ajthomas@dwt.com
JEFF GLASSER (State Bar No. 252596)
  jeffglasser@dwt.com

Attorneys for Defendant
E! ENTERTAINMENT TELEVISION, INC.
(incorrectly sued as Comcast Entertainment Group)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN SLOWICK, an individual doing business as GREEN PARK PRODUCTIONS,<br><br>Plaintiff,<br><br>vs.<br><br>COMCAST ENTERTAINMENT GROUP, a business entity of unknown form; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. CV07-06969 PSG (PLAx)<br><br>[~~PROPOSED~~] REVISED STIPULATED PROTECTIVE ORDER<br><br>Action Filed: October 25, 2007 |

REVISED STIPULATED PROTECTIVE ORDER
LAX 618694v3 0030723-000054

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1   To protect the confidentiality of certain information disclosed between the
2   parties in connection with this case, defendant E! Entertainment Television, Inc.
3   ("E!"), incorrectly sued as Comcast Entertainment Group, and plaintiff Kevin
4   Slowick, doing business as Green Park Productions ("Plaintiff"), hereby stipulate and
5   agree as follows:
6       1.   Any party may designate as "Confidential" (by stamping the relevant
7   page or as otherwise set forth below) any document or response to discovery which
8   that party or non-party considers in good faith to contain information involving trade
9   secrets as that term is defined in California Civil Code § 3426.1[1], competitively-
10  sensitive confidential business, financial or proprietary information that is treated as
11  confidential by the designating party in the ordinary course of its business activities,
12  or private personal information subject to protection under the Federal Rules of Civil
13  Procedure, or under California or federal law ("Confidential Information"). Where a
14  document or discovery response consists of more than one page, the first page and
15  each page on which Confidential Information appears shall be so designated.
16  Confidential treatment may only be claimed for non-public information where the
17  party claiming such treatment determines in good faith that public disclosure of such
18  information beyond the limitations contained herein would materially harm its
19  commercial or proprietary interests or those of third parties that it has an interest in
20  protecting or with whom it has agreed to preserve confidentiality. Confidential
21  treatment may be claimed only when the information or materials have not been
22  disclosed to any third party (unless pursuant to a non-disclosure agreement, or other
23  legal obligation not to disclose). Confidential treatment may not be claimed for any

---

[1] California defines a "trade secret" as "information, including a formula, pattern, compilation, program, device, method, technique, or process that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." California Civ. Code § 3426.1

REVISED STIPULATED PROTECTIVE ORDER
LAX 618694v3 0030723-000054

1

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1. information which can be ascertained from publicly available sources, court records, and/or examination of a product sold by any party.

2. A party may designate information disclosed during a deposition or in response to written discovery as "Confidential" by so indicating in the responses or on the record at the deposition and requesting the preparation of a separate transcript of such material. Additionally, a party may designate in writing, within ten (10) business days after receipt of discovery responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as "Confidential." Any other party may object to such proposal, in writing or on the record. If an objection is made, the parties shall follow the procedures described in paragraph 9 below. After any designation is made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraph 9 below, and counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation.

3. All information produced or exchanged in the course of this case (other than information that is publicly available) shall be used by the party or parties to whom the information is produced solely for purposes of this case.

4. Except with the prior written consent of the other parties, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to any person other than the following "Qualified Person(s)":

   (a) counsel for Plaintiff and counsel for E!, including in-house counsel;

   (b) partners and employees of such counsel deemed necessary by counsel for the prosecution or defense of this litigation;

   (c) Plaintiff, E!, and any officer, employee or insurer of E!, to the extent deemed necessary by counsel for the prosecution or defense of this litigation;

REVISED STIPULATED PROTECTIVE ORDER
LAX 618694v3 0030723-000054

2

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

(d)  consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification attached to this Order before being shown or given any Confidential Information. If Plaintiff chooses a consultant or expert employed by a competitor of E!, Plaintiff shall notify E! at least five (5) court days before disclosing any Confidential Information to that individual in order to give E! an opportunity to move for a protective order preventing or limiting such disclosure;

(e)  any authors, addressees, or recipients of a "cc" copy of a document containing Confidential Information;

(f)  the Court and Court personnel;

(g)  Court reporters, stenographers, and deposition videographers; and

(h)  witnesses (other than persons described in paragraph 7(e)). Such witnesses shall execute a copy of the Certification attached to this Order before being shown any Confidential Information. Confidential Information may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the Confidential Information is represented or has been given notice that Confidential Information produced by the party may be used. At the request of any party, the portion of the deposition transcript involving the Confidential Information shall be designated "Confidential" pursuant to paragraph 2 above. Witnesses shown Confidential Information shall not be allowed to retain copies.

5.  Copies of all Certifications shall be retained by counsel for the party disclosing the Confidential Information and shall be made available for inspection by opposing counsel upon request during the pendency or after the termination of the action, except that Certifications executed by consultants and expert witnesses who have not been disclosed pursuant to Federal Rule of Civil Procedure 26 shall be made available only upon good cause shown and upon order of the Court.

3
REVISED STIPULATED PROTECTIVE ORDER
LAX 618694v3 0030723-000054

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

6. Any persons receiving Confidential Information shall not reveal or discuss such information with any person who is not entitled to receive such information, except as set forth in this Stipulation and Protective Order.

7. For any documents, pleadings, applications and/or motions submitted to the Court by any party that attach, quote from, or refer to the substance of documents or materials containing or consisting of Confidential Information, the submitting party shall present to the judge a written application and a proposed order demonstrating good cause along with the document[s] submitted for filing under seal in conformance with Local Rule 79-5.1. The documents containing what the parties have designated as Confidential Information shall be submitted to the Court in sealed envelopes or other appropriate sealed containers. The word "CONFIDENTIAL" shall be stamped on the envelope. Where filings under seal are explicitly authorized by statute or rule, the supporting authority shall appear on the title page of the proposed filing as set forth in Local Rule 79-5.1. Under this latter procedure, the documents containing the Confidential Information shall be submitted to the Court in sealed envelopes or other appropriate sealed containers. The word "CONFIDENTIAL" shall be stamped on the envelope, and a statement substantially in the following form shall also be printed on the envelope:

> This envelope is sealed pursuant to [statute or rule], contains Confidential Information and is not to be opened or the contents revealed, except by Order of the Court or agreement by the parties.

8. Any party may voluntarily disclose to others without restriction any information that was designated by that party alone as Confidential, although a document may lose its confidential status if it is made public.

9. If a party contends that any designated material is not entitled to confidential treatment, such party may at any time give written notice requesting a conference to the party or non-party who designated the material as confidential.

REVISED STIPULATED PROTECTIVE ORDER
LAX 618694v3 0030723-000054

4

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1 Under Local Rule 37-1, the party or non-party who designated the material shall have
2 ten (10) business days from the receipt of such written notice to meet and confer with
3 the moving party to resolve the dispute. If counsel are unable to resolve the matter,
4 they shall file a Joint Stipulation and notice of motion in conformance with Local
5 Rule 37-2 setting forth the issues, contentions and points and authorities of both
6 parties and shall follow the procedures set forth in Local Rule 37 in obtaining a
7 decision from the Court as to whether the material at issue is entitled to confidential
8 treatment under this Order. If the parties desire to file the joint stipulation and
9 supplemental memoranda required by Local Rule 37 under seal, the parties may file a
10 stipulation to that effect, or the moving party may file an *ex parte* application making
11 the appropriate request. The stipulation or *ex parte* application shall set forth good
12 cause why the Joint Stipulation or portions thereof should be filed under seal.

13     10. Notwithstanding any challenge to the designation of material as
14 Confidential Information, all materials so designated shall be treated as Confidential
15 and shall be subject to the provisions of this Order unless and until one of the
16 following occurs:

17     (a) the party or non-party who claims that the material is Confidential
18 Information withdraws such designation in writing; or

19     (b) the party or non-party who claims that the material is Confidential
20 Information fails to follow the procedures specified in paragraph 9; or

21     (c) the Court rules the material is not Confidential Information.

22     11. All provisions of this Order restricting the communication or use of
23 Confidential Information shall continue to be binding after the conclusion of this
24 action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party
25 in the possession of Confidential Information, other than that which is contained in
26 pleadings, correspondence, and deposition transcripts, shall either (a) return such
27 documents no later than thirty (30) days after conclusion of this action to counsel for
28 the party or non-party who provided such information, or (b) destroy such documents

5

REVISED STIPULATED PROTECTIVE ORDER
LAX 618694v3 0030723-000054

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

within the time period upon consent of the party who provided the information and certify in writing within thirty (30) days that the documents have been destroyed.

12. The terms of this Order shall not preclude, limit, restrict, or otherwise apply to the use of documents, discovery responses, or other discovery material or information at trial. If the case proceeds to trial, any documents, records or other materials designated as Confidential Information that are introduced in evidence or otherwise disclosed in open court shall be presumptively available to the public unless good cause is shown to the district judge in advance of the trial to proceed otherwise.

13. Nothing in this Stipulation and Protective Order shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

14. Any witness or other person, firm, or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

15. GOOD CAUSE STATEMENT: Federal Rule of Civil Procedure 26(c) states that a court may enter a protective order, "upon good cause shown," "to protect a party from annoyance, embarrassment, or undue burden or expense...." Rule 26(c) includes a nonexhaustive list of the kinds of information that may be subject to such a protective order – "trade secret or other confidential research, development, or commercial information." The parties to this Order have good cause to believe that disclosure of their trade secret and other confidential commercial and/or private information would materially harm their financial and commercial interests, as well as unduly infringe on the privacy interests of third parties. *See Phillips v. Byrd*, 307 F.3d 1206, 1211-12 (9th Cir. 2002) ( "[t]he law, however, gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of

REVISED STIPULATED PROTECTIVE ORDER
LAX 618694v3 0030723-000054

6

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1 | development, or commercial information"). Accordingly, the parties have stipulated
2 | to this Protective Order pursuant to Rule 26(c).

DATED: April 23, 2008

DAVIS WRIGHT TREMAINE LLP
KELLI L. SAGER
ANDREW J. THOMAS
JEFF GLASSER

Case 2:07-cv-06969-PSG-PLA    Document 19-2    Filed 04/24/2008    Page 8 of 11

By: _____
Andrew J. Thomas

Attorneys for Defendant
E! ENTERTAINMENT TELEVISION, INC.

REVISED STIPULATED PROTECTIVE ORDER
LAX 618694v3 0030723-000054

7

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

DATED: April 23, 2008

PICK & BOYDSTON, LLP
BRIAN D. BOYDSTON

By: _____
Brian D. Boydston

Attorneys for Plaintiff

Case 2:07-cv-06969-PSG-PLA   Document 19-2   IN Filed 04/24/2008   Page 9 of 11

### ORDER

Having reviewed the foregoing Stipulation, and good cause appearing, IT IS SO ORDERED.

DATED: 5/1/08

_____
~~The Honorable Philip S. Gutierrez~~
~~United States District Judge~~
PAUL L. ABRAMS
**U.S. MAGISTRATE JUDGE**

REVISED STIPULATED PROTECTIVE ORDER
LAX 618694v3 0030723-000054

8

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## **CERTIFICATION**

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Protective Order dated _____, in *Slowick v. Comcast Entertainment Group*, Case No. CV07-06969 PSG (PLAx) (C.D. Cal.). I have been given a copy of that Order and have read it. I agree to be bound by the Order. I will not reveal the Confidential Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information – including copies, notes, or other transcriptions made therefrom – in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information – including copies, notes, or other transcriptions made from that information – to the counsel who provided me with the Confidential Information. I hereby consent to the jurisdiction of the United States District Court of the Central District of California for the purpose of enforcing the Protective Order.

DATED:_____

_____
Signature

_____
Printed name

9
REVISED STIPULATED PROTECTIVE ORDER
LAX 618694v3 0030723-000054

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899